*413
 
 HAWTHORNE, Justice
 

 (dissenting).
 

 This suit involves the title to a parcel of land which formerly was a 13-foot alleyway belonging to the City of Monroe. The alley ran east and west through Square 76 of D. A. Breard, Sr.’s Addition to the City of Monroe, Louisiana, and had been dedicated as such by plat filed May 18, 1921.
 

 Jack Allen, the owner of Lots 4 and 9 and the western 10 feet of Lot 8 of Square 76, which lots were divided by the alleyway, Lots 9 and 8 being north thereof and Lot 4 south, petitioned the city in writing to revoke and set aside the dedication of this alleyway. The city, pursuant to the authority given by Act 382 of 1938, granted the petition by adopting an ordinance, which, after publication, went into effect on November 10, 1941. (See Act 207 of 1912, Section 18 [Dart’s Revised Statutes, Section 5469].) As soon as this ordinance became effective, on November 10, 1941, Jack Allen became the owner of the property here in dispute, under the plain terms of Section 2 of Act 382 of 1938, which provides that, upon the revocation of a dedication of any street, alley, etc., all the soil covered by, and embraced in, such street, .alley, etc., up to the center line thereof shall revert to the then present owner or owners of the land contiguous thereto.
 

 After title to the parcel or tract of land which had formerly been an alleyway became vested in Allen, he executed a lease in favor of plaintiffs on November 24, 1941, covering Lot 9 and the west 10 feet of Lot 8, in which lease contract there was ,an option to purchase the premises described therein and Lot 4 for $8,000 at any time during the life of the lease. Contemporaneously with this contract a deed was executed from Allen to plaintiffs covering the property, in which it was described as “Lots 4 and 9, and the west 10 feet of Lot 8 of Square 76 of D. A. Breard, Sr.’s Addition to the City of Monroe, as per plat * * This deed, which contained no description of the property in dispute, w.as placed in escrow in a bank, to be removed upon compliance by plaintiffs with the terms of the option.
 

 On June 11, 1942, Jack Allen .conveyed to the defendants in this case all of the above described lots, including all of vendor’s right, title, and interest in and to the lease and option contract previously granted to plaintiffs. In addition to specifically describing the lots by number and the square in which they were . situated, this deed accurately and fully described the property lying between the two lots, which was formerly an alleyway, and to which Jack Allen had title by virtue o'f the relocation by the city of the dedication. '
 
 " ' '
 

 On December 30, 1942, plaintiffs exercised their option and withdrew from the bank the deed from Jack Allen to them.
 

 Plaintiffs claim title to the land here in dispute'by virtue of the deed to them dated November 24, 1941, which they removed from the bank on December 30, 1942, when
 
 *415
 
 they exercised their option to purchase, even though it did not specifically describe the property in dispute. Defendants herein claim title by virtue of their deed dated June 11, 1942, which did specifically describe the property in question.
 

 The ordinance revoking the dedication was not placed of record until March 9, 1942, after the execution of the lease containing the option which granted to plaintiffs the right to purchase the lots abutting the alley.
 

 In.my opinion, on November 10, 1941, the date on which the ordinance revoking the dedication went into effect, Jack Allen, the then owner of the lots, became vested with title to the property in controversy by operation of law (Act 382 of 1938), and his subsequent sale in which this property was not specifically described did not convey title to the plaintiffs, named as vendees therein; for, under the plain provisions of Articles 2275 and 2440 of the Revised Civil Code of this state, all sales of immovable property must be in writing.
 

 In his subsequent sale on June 11, 1942, the property was accurately and completely described, and for this reason, if for no other, I am of the opinion that title to the alleyway passed to the defendants, the .vendees named in this act of sale.
 

 The majority opinion lays great stress on the fact that the revocation of the dedication was not recorded .until after the date of plaintiffs’ contract, and . concludes that for this reason plaintiffs had the right to rely on the records as they stood at the time they entered info the contract. If the law of registry is applicable, I think that its application in this case would be favorable to the cause of defendants rather than to that of plaintiffs, for the reason that after the revocation defendants, too, had the right to rely on the faith of the public records, which failed to disclose that the property formerly comprising the alleyway was included in plaintiffs’ contract, and defendants had every right to take title to this property by having the description thereof incorporated in their deed.
 

 The effect of the majority opinion is to hold that, upon the revocation of the dedication of an alley, the property which comprised the alley becomes and forms parts of the abutting lots. In other words, under this holding, an act of sale in whch only Lot 8, for instance, is described conveys title not only to all the property comprising Lot 8 as shown by plat but also to the land formerly comprising the alleyway up to the center line thereof. There is no authority for this conclusion within the act itself. It does not provide that the soil formerly comprising an alleyway becomes, upon revocation of a dedication, parts of the contiguous lots. The only portion of the act which is concerned with title to dedicated streets and public ways, the dedication of which has been revoked, provides only that the soil covered by, and embraced in, such street or alley up to the center line thereof, upon such revocation, shall revert to the
 
 *417
 
 then present owner or owners of the land contiguous thereto.
 

 I respectfully dissent.